IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CANDIS JOHNSON, <br> 10002 Dunlap Ave <br> Cleveland, OH 44105 | **:** <br> <br> **:** | Case No.: <br> <br> **COMPLAINT** |
| Plaintiff, | **:** | **Jury Demand Endorsed Hereon.** |
| vs. | **:** | |
| TRUEACCORD CORP., <br> a foreign corporation <br> c/o Incorp Services, Inc. <br> 9435 Waterstone Boulevard Suite 140 <br> Cincinnati, OH 45249 | **:** <br> <br> **:** <br> <br> **:** <br> <br> **:** | |
| Defendant. | | |

**NOW COMES THE PLAINTIFF, CANDIS JOHNSON, BY AND THROUGH COUNSEL**, **RICHARD P. GABELMAN**, and for her Complaint against the Defendants, pleads as follows:

## JURISDICTION

1. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

## VENUE

2. Venue is proper in the Northern District of Ohio as the Defendant conducts business in the entire State of Ohio.

## PARTIES

3. Candis Johnson is an individual residing in Cleveland, Ohio in Cuyahoga County.

4. TrueAccord Corp. is a foreign corporation that conducts business in the State of Ohio.

## GENERAL ALLEGATIONS

5. Defendant is attempting to collect a consumer type debt allegedly owed by Plaintiff to LVNV Funding, LLC ("LVNV") in the amount of $683.00 ("the alleged Debt").

6. Defendant is a debt collection agency collecting the alleged Debt on behalf of LVNV.

7. On or about May 20, 2020, Defendant sent Plaintiff an email attempting to collect the alleged Debt. The email contained a notice that Plaintiff has 30 days to dispute the validity of the alleged Debt.

8. On May 24, 2020, Defendant sent Plaintiff another email attempting to collect the alleged Debt.

9. On May 27, 2020, Defendant sent Plaintiff another email attempting to collect the alleged Debt.

10. On or about June 2, 2020, Plaintiff emailed Defendant a request for validation of the alleged Debt. Plaintiff also sent a validation request letter via certified mail.

11. After receiving Plaintiff's request for validation, Defendant did not validate the alleged Debt, nor did Defendant cease its collection efforts.

12. Since June 2, 2020, Defendant has emailed Plaintiff several times a week attempting to collect the alleged Debt. Plaintiff has notified Defendant several times through email, written correspondence and their website that she disputes the alleged Debt.

13. On November 4, 2020, Defendant sent Plaintiff an email stating that her account is scheduled to be recalled since no payment has been made.

14. After receiving Plaintiff's two requests for validation, Defendant failed or refused to validate the Debt or cease its collection efforts, in violation of the FDCPA.

15. Plaintiff suffered pecuniary and emotional damages as a result of Defendant's actions.

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

16. Plaintiff reincorporates the preceding allegations by reference.

17. At all relevant times, Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

18. Plaintiff is a "consumer" for purposes of the FDCPA, and the account at issue in this case is a consumer debt.

19. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

20. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the FDCPA:

    a. 15 U.S.C. §1692e by using deceptive practices to collect a debt by continuing to collect the alleged Debt without validating the alleged Debt.

    b. 15 U.S.C. §1692g by continuing to collect the alleged Debt without validating the alleged Debt.

21. To date, and a direct and proximate cause of the Defendant's failure to honor its statutory obligations under the FDCPA, the Plaintiff has continued to suffer from stress and irritation.

22. Plaintiff has suffered economic, emotional, general, and statutory damages as a result of these violations of the FDCPA.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Defendant for actual damages, costs, interest, and attorneys' fees.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment against Defendant for Actual Damages; Statutory Damages; Damages for pecuniary, economic and emotional damages and loss; Attorney's Fees and the costs of this action.

**JURY DEMAND**

Plaintiff hereby demands a trial by Jury.

Dated: March 19, 2021                    Respectfully submitted,

*/s/Richard P. Gabelman*
Richard P. Gabelman, Esq. (#0074642)
6071 Montgomery Road
Cincinnati, Ohio 45213
(513) 321-7733
Email: gabelmanrich@hotmail.com
*Attorney for Plaintiff*