UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

CANDIS JOHNSON,                    )
                                   )          CASE NO.  1:21-cv-629
            Plaintiff,             )
                                   )          JUDGE BRIDGET M. BRENNAN
      v.                           )
                                   )          **MEMORANDUM OPINION**
TRUEACCORD CORP.                   )          **AND ORDER**
                                   )
            Defendant.             )

Plaintiff Candis Johnson ("Johnson") filed suit in this Court against Defendant

TrueAccord Corp. ("TrueAccord") under the federal Fair Debt Collection Practices Act, 15

U.S.C. § 1692 *et seq.* ("FDCPA").  Johnson claimed that TrueAccord violated the FDCPA by

using deceptive practices, in violation of Section 1692e, and by continuing to collect the alleged

debt without validating the alleged debt, in violation of Section 1692g.  (Doc. No. 1 at ¶ 20.)

TrueAccord filed a motion for summary judgment.  (Doc. Nos. 11 & 14.)  Johnson responded.

(Doc. No. 12.)  For the reasons set forth below, TrueAccord's motion is GRANTED.

   I.   **Facts**

         From the pleadings and evidence on file, the Court finds that the following facts are

undisputed.

         LVNV Funding, LLC ("LVNV") purchases portfolios of charged-off debts.  (Doc. No.

11-2 at PageID# 72 ¶ 4.)  LVNV retained TrueAccord for collection services.  (Doc. No. 11-3 at

PageID# 84 ¶ 5.)  TrueAccord is a debt collection agency.  (Doc. No. 5 ¶¶ 5-6.)[1]  At all relevant

---

[1] Parties "are bound by admissions in their pleadings, and a party cannot create a factual issue by
subsequently filing a conflicting affidavit."  *Hughes v. Vanderbilt Univ.*, 215 F.3d 543, 549 (6th
Cir. 2000).  TrueAccord's Answer also contains Johnson's allegations.  (Doc. No. 5.)

times, TrueAccord, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities. (*Id.* at ¶ 17.)

LVNV also engaged a debt collection master-servicer called Resurgent Capital Services, L.P. ("Resurgent"). (Doc. No. 11-2 at PageID# 71 ¶ 2; *see also* Doc. No. 11-4 at PageID# 164.) Resurgent's paralegal Lacey Pearce served as a records custodian for LVNV and submitted an affidavit. (Doc. No. 11-2 at PageID# 71-72 ¶¶ 1-5.)

LVNV acquired from Credit One Bank a charged-off account in the amount of $683.52 in the name of Candis Johnson. (*Id.* at PageID# 72 ¶¶ 5-7.) On May 18, 2020, LVNV placed that account with TrueAccord for collection. (*Id.* at ¶ 7; Doc. No. 11-3 at PageID# 84 ¶ 5.)

On or about May 20, 2020, TrueAccord sent Johnson an email attempting to collect that purported debt and included in the email a notice that she had 30 days to dispute the validity of this purported debt. (Doc. No. 5 at ¶ 7; *see also* Doc. No. 12 at PageID# 165; Doc. No. 12-2 at PageID# 179.) That email provided:

> Candis Johnson, we are writing to tell you about an important matter that should be resolved. It's possible that you weren't aware of your outstanding balance of $683.52, originally owed to Credit One Bank, N.A:
>
> Learn about your options to resolve this. Here are the details:
>
> Current creditor: LVNV Funding LLC
>
> Original creditor: Credit One Bank, N.A.
>
> Balance due: $683.52
>
> Original creditor account ending in: 9271

(Doc. No. 12-1 at PageID# 179.) TrueAccord sent additional emails to Johnson on May 24 and May 27, 2020. (Doc. No. 1 at ¶¶ 8-9.) Although TrueAccord initially denied sending those, on summary judgment TrueAccord submits that it did send those additional two emails. (*Compare* Doc. No. 5 at ¶¶ 8-9 *with* Doc. No. 11-1 at PageID# 56.)

2

On June 2, 2020, Johnson responded to TrueAccord with a lengthy, pointed email:

To Whom It May Concern:

Be advised this is not a refusal to pay, but a notice that your claim is disputed and validation is requested.  Under the Fair Debt collection Practices Act (FDCPA), I have the right to request validation of the debt you say I owe you.  I am requesting proof that I am indeed the party you are asking to pay this debt, and there is some contractual obligation that is binding on me to pay this debt.

This is NOT a request for "verification" or proof of my mailing address, but a request for VALIDATION made pursuant to 15 USC 1692g Sec. 809 (b) of the FDCPA.   I respectfully request that your offices provide me with competent evidence that I have any legal obligation to pay you.

At this time I will also inform you that if your offices have or continue to report invalidated information to any of the three major credit bureaus (Equifax, Experian, Trans Union), this action might constitute fraud under both federal and state laws.  Due to this fact, if any negative mark is found or continues to report on any of my credit reports by your company or the company you represent, I will not hesitate in bringing legal action against you and your client for the following:

Violation of the Fair Debt Collection Practices Act and Defamation of Character.  I am sure your legal staff will agree that non-compliance with this request could put your company in serious legal trouble with the FTC and other state or federal agencies.

If your offices are able to provide the proper documentation as requested in the following declaration, I will require 30 days to investigate this information and during such time all collection activity must cease and desist.  Also, during this validation period, if any action is taken which could be considered detrimental to any of my credit reports, I will consult with legal counsel for suit.  This includes any listing of any information to a credit-reporting repository that could be inaccurate or invalidated.  If your offices fail to respond to this validation request within 30 days from the date of your receipt, all references to this account must be deleted and completely removed from my credit file and a copy of such deletion request shall be sent to me immediately.

It would be advisable that you and your client assure that your records are in order before I am forced to take legal action.

*  *  *

Please provide the following:

• Agreement with your client that grants you the authority to collect on this alleged debt.

• Agreement that bears the signature of the alleged debtor wherein he/she agreed to pay the creditor.

3

- Any insurance claims been made by any creditor regarding this account.

- Any Judgments obtained by any creditor regarding this account.

- Name and address of alleged creditor.

- Name on file of alleged debtor.

- Alleged account number.

- Address on file for alleged debtor.

- Amount of alleged debt.

- Date this alleged debt became payable.

- Date of original charge off or delinquency.

- Verification that this debt was assigned or sold to collector.

- Complete accounting of alleged debt.

- Commission for debt collector if collection efforts are successful.

Please provide the name and address of the bonding agent for «COLLECTIONAGENCY» in case legal action becomes necessary.  Your claim cannot and WILL NOT be considered if any portion of the above is not completed and returned with copies of all requested documents.  This is a request for validation made pursuant to the Fair Debt Collection Practices Act.

Please allow 30 days for processing after I receive this information back.

Best Regards

Candis Johnson

cc Federal Trade Commission

(Doc. No. 12-1 at PageID# 178-79; *see also* Doc. No. 11-4 at PageID# 113-15 33:22-24 &

35:15-38:9.)  Johnson also sent a copy of her response and request for validation to TrueAccord

via certified mail.  (Doc. No. 11-1 at PageID# 56; Doc. No. 12 at PageID#165; Doc. No. 12-2.)

In deposition, Johnson admitted that she previously had a credit card account with Credit

One Bank.  (Doc. No. 11-4 at PageID# 114 37:7-20.)  Johnson testified that she was certain that

4

her Credit One account had been paid.  (*Id.* at PageID# 115 38:1-9 & 38:18-39:1.)  Notably, Johnson's email response to TrueAccord made no acknowledgement of her prior Credit One credit card and made no mention of having paid off that account.  (*See* Doc. No. 12-1.)

In any event, as explained in TrueAccord's General Counsel and Chief Compliance Officer Kelly Knepper-Stephens' affidavit: TrueAccord received Johnson's dispute email around June 2, 2020, and added a work restriction to the account.  (Doc. No. 11-3 at PageID# 83-84 ¶¶ 1-3, 6.)  A work restriction prohibits further collection communications until validation is sent out.  (*Id.* at PageID# 84 ¶ 7.)

On or around June 15, 2020, Resurgent investigated Johnson's dispute and sent a verification letter and supporting documents to Johnson.  (Doc. No. 11-2 at PageID# 72 ¶¶ 8-9.)  TrueAccord did not communicate with Johnson in the interim (*i.e.*, from June 2nd to June 15th).

TrueAccord heard nothing from Johnson in response to the verification communication.  (Doc. No. 11-3 at PageID# 84 ¶ 8.)  On July 20, 2020, the work restriction was removed, and on July 23, 2020, TrueAccord resumed its collection efforts.  (*Id.*)

On August 8, 2020, Johnson sent again a dispute and request for validation of debt, which appears to be identical or substantially similar to what Johnson previously sent on June 2nd.  (*See* Doc. No 11-3 at PageID# 101-03.)  On August 13, 2020, TrueAccord received that second dispute.  (Doc. No. 11-3 at PageID# 84 ¶ 10.)  TrueAccord imposed another work restriction moratorium on collection efforts.  (*Id.* at PageID# 84-85 ¶¶ 10 & 12.)

On or around August 14, 2020, Resurgent investigated Plaintiff's dispute and mailed Johnson a verification and supporting documents.  (Doc. No. 11-2 at PageID# 72-73 ¶¶ 10-11 & PageID# 79-81.)

The Johnson account was recalled from TrueAccord on November 19, 2020, so its

collection work ended. (Doc. No. 11-3 at PageID# 85 ¶ 13.) TrueAccord never reported Johnson to any credit reports. (*Id.* at ¶ 14.)

## II. Law & Analysis

### A. Standard of Review

"A party may move for summary judgment, identifying each claim or defense – or the part of each claim or defense – on which summary judgment is sought." Fed. R. Civ. P. 56(a). "Summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories, and affidavits show there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. The moving party bears the burden of showing that no genuine issues of material fact exist." *Williams v. Maurer*, 9 F.4th 416, 430 (6th Cir. 2021) (citations and quotations omitted); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Mining Mach., Inc. v. Copley*, 145 F. App'x 149, 152 (6th Cir. 2005) ("The moving party bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that establish the absence of a genuine issue of material fact.").

> A party is entitled to summary judgment if she shows 'there is no genuine dispute as to any material fact and ... [she] is entitled to judgment as a matter of law.' Fed. R. Civ. P. 56(a). A 'material' fact is one that 'might affect the outcome of the suit under the governing law.' *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). And a genuine dispute of material fact exists if the evidence is such that a reasonable jury could return a verdict for the non-moving party.

*Abu-Joudeh v. Schneider*, 954 F.3d 842, 849-50 (6th Cir. 2020) (additional citations and quotations omitted).

"Once the moving party satisfies its burden, the burden shifts to the nonmoving party to set forth specific facts showing a triable issue of material fact." *Queen v. City of Bowling Green, Kentucky*, 956 F.3d 893, 898 (6th Cir. 2020) (quotation and citations omitted). "[O]n summary judgment the inferences to be drawn from the underlying facts ... must be viewed in the light

most favorable to the party opposing the motion."  *Id.*; *see also Kalamazoo Acquisitions, L.L.C. v. Westfield Ins. Co.*, 395 F.3d 338, 342 (6th Cir. 2005) ("The district court … must view the facts and any inferences reasonably drawn from them in the light most favorable to the party against whom judgment was entered.").

A party asserting (or disputing) a fact must cite evidence in the record or show that the record establishes the absence (or the presence) of a genuine dispute.  *See* Fed. R. Civ. P. 56(c) and (e).  "The court need consider only the cited materials, but it may consider other materials in the record."  Fed. R. Civ. P. 56(c)(3); *see also Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989) ("The trial court no longer has the duty to search the entire record to establish that it is bereft of a genuine issue of material fact.").

"Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  However, the Court's role is not to make credibility determinations or 'weigh' conflicting evidence.  *Payne v. Novartis Pharms. Corp.*, 767 F.3d 526, 530 (6th Cir. 2014); *Arban v. W. Publ'g Corp.*, 345 F.3d 390, 400 (6th Cir. 2003).  "The ultimate question is whether the evidence presents a sufficient factual disagreement to require submission of the case to the jury, or whether the evidence is so one-sided that the moving parties should prevail as a matter of law."  *Payne*, 767 F.3d at 530.

### B.  The FDCPA

"The FDCPA is an extraordinarily broad statute, crafted in response to what Congress perceived to be a widespread problem in debt collection practices, and must be construed accordingly."  *Cagayat v. United Collection Bureau, Inc.*, 952 F.3d 749, 753 (6th Cir. 2020).  "To that end, the Act imposes various procedural and substantive obligations on debt collectors."

*Sheriff v. Gillie*, 578 U.S. 317, 319-20 (2016).

The basic elements of a FDCPA claim are as follows: (1) plaintiff was a "consumer" as defined by the statute; (2) the debt arose out of transactions which are "primarily for personal, family or household purposes"; (3) defendant was a "debt collector" as defined by the statute; and (4) defendant violated the prohibition(s) set forth in the FDCPA. *Wallace v. Washington Mut. Bank*, 683 F.3d 323, 326 (6th Cir. 2012); *Bauman v. Bank of Am., N.A.*, 808 F.3d 1097, 1100 (6th Cir. 2015); *Valhalla Inv. Prop., LLC v. 502, LLC,* 456 F.Supp.3d 939, 945 (M.D. Tenn.), *aff'd*, 832 F. App'x 413 (6th Cir. 2020).

### C. The Parties' Contentions

TrueAccord argues that Johnson cannot show that the debt at issue was incurred "primarily for personal, family or household purposes." (Doc. No. 11-1 at PageID# 61 (citing Section 1692a(5) of the FDCPA).) TrueAccord cites cases where courts rejected FDCPA claims by plaintiffs who denied all knowledge of the debt at issue. (Doc. No. 11-1 at PageID# 63.) TrueAccord further points out what should be required for debt verification under 15 U.S.C. § 1692g – arguing that TrueAccord's responsive communications complied with that provision. (*Id.* at PageID# 64-66.) Finally, TrueAccord contends that there was nothing deceptive in its communications to Johnson. (*Id.* at PageID# 66-67.)

Johnson filed a brief in opposition to TrueAccord's summary judgment motion, though she did not include an affidavit. (Doc. No. 12.) Johnson argues that requiring a FDCPA plaintiff to attest to the nature of a debt makes no sense in the case of identity theft or mistaken identity. (*Id.* at PageID# 168-70.) She next contends that TrueAccord's responses were inadequate for verification under 15 U.S.C. § 1692g because, *inter alia*, the responses did not describe the dates and nature of the underlying credit card purchases that led to the debt. (*Id.* at PageID# 171-74.)

Finally, Johnson contends that TrueAccord's communications were false or deceptive because they contained inadequate additional information, such as the date and nature of the purchases that resulted in the debt.  (*Id.* at PageID# 174-76.)

On reply, TrueAccord points out Johnson's failure to address or dispute with evidence the fact assertions in the summary judgment motion.  (Doc. No. 14 at PageID# 188-89.)  TrueAccord notes that Johnson did not raise issues of mistaken or stolen identity in her communications.  (*Id.* at PageID# 189-90.)  Further, Johnson supplied no evidence to prove the "primarily for personal, family or household purposes" element of an FDCPA claim.  (*Id.* at PageID# 190.)  TrueAccord continues its argument regarding the verification requirement of Section 1692g – nothing that Johnson's two validation requests were identical letters, and so satisfaction of the first was sufficient.  (*Id.* at PageID# 190-95.)  Finally, TrueAccord urges that Plaintiff's response brief raised new theories as to the purportedly deceptive nature of communications that were not the basis for her complaint under § 1692e.  (*Id.* at PageID# 195-97.)

### D.  Johnson Failed to Dispute the Material Facts Put Forth by TrueAccord

TrueAccord's motion contains an organized list of twenty-one material facts, each with a citation to evidence in the record.  (Doc. No. 11-1 at PageID# 56-59.)  Johnson's response to the motion does not address those enumerated facts.  Nor does she attach any affidavit.  (*See* Doc. No. 12.)  Johnson has not met her burdens under Rule 56.

Rule 56(c) provides, in pertinent part:

(1) **Supporting Factual Positions.**  A party asserting that a fact . . . is genuinely disputed *must support* the assertion by:

(A) *citing to particular parts of materials in the record*, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

9

(B) *showing* that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

(2) **Objection That a Fact Is Not Supported by Admissible Evidence.**  A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.

(3) **Materials Not Cited.** *The court need consider only the cited materials*, but it may consider other materials in the record.

(4) **Affidavits or Declarations.**  An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

Fed. R. Civ. P. 56(c) (emphases added).

"[I]f the movant makes an initial showing that there is no genuine issue of material fact and that it is entitled to judgment, the burden of production shifts to the nonmovant.  If the nonmovant fails to provide specific evidence showing that there is a genuine dispute or that the movant is not entitled to judgment, then the movant is awarded judgment." *Nat'l Elec. Annuity Plan v. Henkels & McCoy, Inc.*, 846 F. App'x 332, 349 (6th Cir. 2021) (citations omitted).  "If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion . . . ."  Fed. R. Civ. P. 56(e)(2).

None of the scant factual discussion in Johnson's brief is supported by an affidavit.  Rather, it is all attorney argument.  Even as argument, it is not developed; rather, it is conclusory.  For example, Johnson asserts:

After receiving Plaintiff's request for validation, Defendant did not properly validate the alleged Debt.  (Defendant's Exhibit 1-A, Doc 11-2, Page ID 75-78.) . . . Once again Defendant did not properly validate the debt.  (Defendant's Exhibit 1-B, Doc 11-2, Page ID 79-81.)

10

(Doc. No. 12 at PageID# 166.)  Those are not facts; rather, those are legal conclusions.  Johnson

cites to nothing more than the verification communications sent by, and now filed as evidence

by, TrueAccord.  Johnson's *characterization* of those communications is unsubstantiated.  The

legal conclusions that Johnson draws are not sound or persuasive, as discussed, *infra.*

Although the Court draws inferences in favor of Johnson as the nonmovant, those

inferences are drawn *from the evidence*.  Here, the evidence all comes from TrueAccord.

Pursuant to Fed. R. Civ. P. 56(e)(2), the Court considers the list of facts set forth in

TrueAccord's motion as undisputed for purposes of resolving the motion.  (*See* Doc. No. 11-1 at

PageID# 56-59.)

### E.  Johnson Failed to Show that the Account Collected by TrueAccord Did Not Belong to Her

TrueAccord put forward two facts of particular significance:

1.  Sometime prior to 2020, *Plaintiff incurred* a balance on a credit account (hereinafter referred to as the "Account") with Credit One Bank, N.A. *which was subsequently charged off and sold* to LVNV Funding, LLC ("LVNV Funding").  *See*, Exhibit 1, Declaration of Lacey Pearce, ¶ 6.

2.  On or about May 18, 2020, LVNV Funding placed *Plaintiff's Account* with Defendant for collection.  *Id*. at ¶ 7.

(Doc. No. 11-1 at PageID# 56 (emphases added).)

These statements, supported by evidence, assert that TrueAccord was not collecting some

random person's debt but was, indeed, collecting debt from *Johnson's* credit card with Credit

One Bank.  Notably, Johnson admitted that she previously had a credit card with Credit One

Bank.  (Doc. No. 11-4 at PageID# 114 37:7-20.)

### 1.  Johnson Did Not Dispute the Facts and Evidence in the Motion

Johnson submitted no evidence to dispute the assertion in the summary judgment motion

that the $683.52 account in question was incurred by and attributable to her.  If Johnson wanted

to dispute the facts in the motion, it was incumbent upon her to: (a) state as much in her opposition material; (b) specify what she contends was inaccurate and why; and/or (c) put forward evidence to dispute those facts.  But Johnson did none of those.  As a result, the Court has no factual basis from which to infer that the account TrueAccord tried to collect was not debt incurred by Johnson.

Section 1 of Johnson's opposition brief refers obliquely to "a victim of identity theft or mistaken identity," (Doc. No. 12 at PageID# 169), but Johnson never asserts as fact (much less attests under oath) that she is such a victim with respect to the $683.52 account that TrueAccord attempted to collect.  In short, Johnson failed to lay an evidentiary foundation for her arguments regarding the travails of mistaken or stolen identity.  (*See, e.g.*, Doc. No. 12 at PageID# 168-70.)

Although Johnson filed no affidavit or admissible evidence, she was entitled to make use of the evidence that TrueAccord put into the record.  TrueAccord filed a transcript of Johnson's deposition testimony.  (Doc. No. 11-4.)  But Johnson's opposition brief does not cite to any particular portion(s) of her testimony.  (*See* Doc. No. 12.)

"The trial court does not have a duty to search the entire record to establish that it is bereft of any genuine issue of material fact."  *Mining Mach., Inc. v. Copley*, 145 F. App'x 149, 153 (6th Cir. 2005).  And Fed. R. Civ. P. 56(c)(3) makes it clear that a court need only examine the evidentiary materials that were actually cited.

Johnson failed to comply with Rule 56(c) and failed to support her fact assertions with citations to evidence showing those to be true.  (*E.g.,* Doc. No. 12 at PageID# 165-66.) Accordingly, the Court need not consider her assertions unsupported by evidence.

### 2. Johnson's Testimony Does Not Support the Denial of Summary Judgment in Favor of TrueAccord

Although Johnson failed to make use of her testimony, TrueAccord's motion and reply

are replete with citations to the deposition transcript.  (*See* Doc. No. 11-1 at PageID# 57, 58, 62, 65; Doc. No. 14 at PageID# 189, 190, 192.)  The Court examines the cited testimony and draws inferences therefrom in favor of Johnson, the nonmovant.  Even with a beneficent reading, the testimony does not carry the day for Johnson.

Q:  Okay.  Okay.  So when you received your initial e-mail or e-mails from TrueAccord, did you understand why you were receiving those e-mails?

A:  They were accusing me of a debt.

Q:  Okay.  Did you recognize the debt that they were referring to?

A:  No.

Q:  Okay.  So, it looks like they were referring to a Credit One Bank account.  Have you ever had a Credit One Bank account?

A:  Yes.

Q:  Okay.  Do you recall what type of account it was, whether it was a credit card?

A:  Yes.

Q:  Okay. It was a credit card?

* * *

A:  I said yes.

* * *

Q:  Did you think this was in relation to the Credit One Bank account that you previously held?

A:  No.

Q:  Okay.  So were you unsure?

A:  It wasn't that I was unsure, that's not my account.

Q:  Okay.  Why do you think it wasn't your account?

A:  Because my account was paid.

Q:  Okay.  Let me go back a little bit.  Do you recall when you opened the Credit One Bank account?

13

A:  No.

Q:  Do you have an approximate idea of when?  Was it within the past few years?  Five years?

A:  I don't recall, ma'am.

Q:  Okay.  Did you use this credit card?

A:  Once or twice, maybe.

Q:  Okay.  And to your knowledge, you maintained the credit card?

A:  Yes.

Q:  And is it your understanding that this credit card was paid off?

A:  Yes.

Q:  Okay.  So when you received this e-mail, did you believe that this was in relation to a different account?

A:  I just knew it wasn't in relation to me, and especially because it says the current creditor says LVNV Funding.  It doesn't say Credit One.

(Doc. No. 11-4 at PageID# 114-15 36:22-39:7.)

Johnson admitted that she previously had a credit card with Credit One Bank.  (*Id.* at PageID# 114 37:7-12.)  As for her suggestion that the TrueAccord communication referred to a creditor called LVNV rather than Credit One, (*id.* at PageID# 115 39:2-7), that testimony is contradicted by Johnson's own opposition brief.  Attached to her brief, Johnson attached a copy of the collection email sent by TrueAccord to Johnson on May 20, 2020.  (Doc. No. 12-1.)  That email plainly refers to LVNV as the "Current creditor" and immediately below that provides: "Original creditor: Credit One Bank, N.A."  (*Id.* at PageID# 179.)  That language also appears in another copy of the May 20th email from TrueAccord found at Exhibit 1 to the transcript of Johnson's deposition.  (Doc. No. 11-4 at PageID# 114 & 142-45.)

Johnson admitted during deposition that she received from Resurgent the debt verification communication dated June 15, 2020.  (Doc. No. 11-4 at PageID# 116 45:3-24 &

PageID# 153-55; *see also* Doc. No. 11-2 at PageID# 72 ¶¶8-9 & PageID# 75-77.)  Johnson also admitted that she received from Resurgent the debt verification communication dated August 14, 2020.  (Doc. No. 11-4 at PageID# 118 52:18-53:23 & PageID# 162-64; *see also* Doc. No. 11-2 at PageID# 72-73 ¶¶ 10-11 & PageID# 79-81.)

Those verification communications regarding the Credit One credit card account both show that the card was issued to Candis Johnson at the same address Johnson acknowledged as hers.  (Doc. No. 11-4 at PageID# 107 9:18-23; *id.* at PageID# 154 & 163; Doc. No. 11-2 at PageID# 76 & 80.)  Same credit card company; same customer name; same unique name spelling; same customer address.  A jury could only reach one conclusion:  the account referred to in the debt verifications was an account in the name of Johnson, the Plaintiff in this case.

Because Johnson has not supplied testimony, evidence, or citations to dispute that conclusion, no jury is necessary.  The Court finds that the undisputed evidence allows for only one answer to the question of whether Johnson is the person whose account was referenced in the debt TrueAccord attempted to collect.  The evidentiary record here shows that Plaintiff was that person, and Johnson put forward no evidence or testimony to the contrary.

That leaves just one factual item for which Johnson's testimony lends support.  Johnson recalled having paid her Credit One credit card.  (Doc. No. 11-4 at PageID# 115 38:7-9 & 38:20-39:1.)  The Court draws inferences in Johnson's favor, and this testimony could at most support the following:  Even if the account placed with TrueAccord was indeed Johnson's prior Credit One card account, it remains conceivable that the amount owed could be the error.

Suppose, for example, that Johnson had a Credit One credit card with a zero balance.  Suppose further that $683.52 suddenly, erroneously, or magically appeared on the account as a balance owed.  It is *conceivable* that Credit One erroneously added that balance *or* that some

15

third person stole the credit card number and made the charges that resulted in that $683.52 balance. But *if* that occurred, then Johnson's beef would be with Credit One Bank – not TrueAccord. Johnson has not sued Credit One on a theory that: it added improper amounts to Johnson's account; refused to remove fraudulent charges; or supplied either LVNV, Resurgent, or TrueAccord with false information.

The Court notes that if Johnson had been serious about a mistaken or stolen identity claim, then she had straightforward ways to substantiate such a theory of the case. Johnson easily could have tendered an affidavit and an old credit card statement from her Credit One credit card to show that her account or account number were different than what was referenced in the debt verification communications. (*See* Doc. No. 11-4 at PageID# 154 & 163; Doc. No. 11-2 at PageID# 76 & 80.) Likewise, Johnson easily could have contacted Credit One Bank and asked for a past statement or past billing record to show that the account was paid in full when Johnson stopped using the card.

Johnson did not do so, and her evidentiary silence speaks volumes. *See Cox v. Kentucky Dep't of Transp.*, 53 F.3d 146, 149 (6th Cir. 1995) ("Essentially, a motion for summary judgment is a means by which to challenge the opposing party to 'put up or shut up' on a critical issue." (quoting *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1989))). For the reasons set forth above, the Court concludes that there is no evidence sufficient to allow a jury to find that: (a) Johnson was the victim of stolen or mistaken identity; or (b) TrueAccord attempted to collect a debt from the wrong person.

But even if one were to assume *arguendo* that the $683.52 balance was inaccurate or inaccurately attributed to Johnson, her FDCPA claims still fail as a matter of law for reasons discussed, *infra.*

16

### F.  TrueAccord Is Entitled to Judgment Under 15 U.S.C. § 1692g Because the Record Shows That Verification of the Debt Occurred

Johnson did not bring this case to determine the authenticity of any debt she may or may not owe.  Her Complaint is limited to whether TrueAccord violated the FDCPA's rules for collection practices.  Johnson first contends that TrueAccord violated 15 U.S.C. § 1692g by continuing to collect a debt and failing to validate it in response to Johnson's requests.  (Doc. No. 1 at ¶¶ 11, 12, 14 & 20.)

Section 1692g of the FDCPA provides in pertinent part:

(a) **Notice of debt; contents**

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(b) **Disputed debts**

If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the

17

original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.  Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor.  Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.  * * *

15 U.S.C. § 1692g.

The premise of Johnson's claim is that she asked for verification of the debt, but TrueAccord "failed or refused to validate the Debt or cease its collection efforts, in violation of the FDCPA."  (Doc. No. 1 at PageID#2 ¶ 14.)  The undisputed facts and evidence show Johnson's allegation to be incorrect.

### 1. Both Times Johnson Disputed the Debt, TrueAccord Suspended Collection Efforts

TrueAccord received Johnson's dispute email around June 2, 2020, and added a work restriction to the account.  (Doc. No. 11-3 at PageID# 83-84 ¶¶ 1-3, 6.)  A work restriction prohibits further collection communications until validation is sent out.  (*Id.* at PageID# 84 ¶ 7.)

TrueAccord heard nothing from Johnson in response to the verification communication it sent on June 15th.  (*Id.* at ¶ 8.)  So on July 20, 2020, the work restriction was removed, and on July 23, 2020, TrueAccord resumed its collection efforts.  (*Id.*)  TrueAccord did not communicate with Johnson in the interim (*i.e.*, from June 2nd to June 15th).  (*Id.* at ¶ 9.)

On August 8, 2020, Johnson sent another dispute and request for validation of debt, which appears to be identical or substantially similar to what Johnson previously sent on June 2nd.  (*See id.* at PageID# 101-03.)  On August 13, 2020, TrueAccord received that second dispute.  (*Id.* at PageID# 84 ¶ 10.)  TrueAccord imposed another work restriction suspension of collection efforts.  (*Id.* at PageID# 84-85 ¶¶ 10 & 12.)  TrueAccord did not make collection

efforts in the period between August 8th and August 14th, when the validation was sent to Johnson.  (*Id*. at PageID# 85 ¶ 12.)

Johnson produced no evidence to dispute the facts above, nor did she introduce additional evidence that would somehow mollify or overcome the facts above.   Summary judgment therefore is entered in favor of TrueAccord on Johnson's claim under 15 U.S.C. § 1692g for improper collection efforts while a dispute or validation request was pending.

### 2.    Both Times Johnson Requested Debt Validation, TrueAccord Supplied a Verification of Debt

As stated, on June 2, 2020, Johnson disputed the debt and requested validation.  (Doc. No. 12-1.)  On or around June 15, 2020, Resurgent investigated Johnson's dispute and sent a verification letter and supporting documents to Johnson.  (Doc. No. 11-2 at PageID# 72 ¶¶ 8-9.)

On August 8, 2020, Johnson sent again a dispute and request for validation of debt, which appears to be identical or substantially similar to what Johnson previously sent on June 2nd. (*See* Doc. No 11-3 at PageID# 101-03.)  On August 13, 2020, TrueAccord received that second dispute.  (Doc. No. 11-3 at PageID# 84 ¶ 10.)  On or around August 14, 2020, Resurgent investigated Plaintiff's dispute and mailed Johnson a verification and supporting documents. (Doc. No. 11-2 at PageID# 72-73 ¶¶ 10-11 & PageID# 79-81.)

Johnson produced no evidence to dispute the facts above, nor did she introduce additional evidence that would somehow mollify or overcome the facts above.   The notion that TrueAccord ignored or disregarded the requests for a verification are belied by the undisputed evidence.  Summary judgment therefore is entered in favor of TrueAccord on Johnson's claim under § 1692g for failure or refusal to verify a debt in response to a request for same.

### G.  TrueAccord Is Entitled to Judgment Under 15 U.S.C. § 1692e Because the Record Shows No Deceptive Communication

Johnson supplied no evidence to dispute the facts asserted in TrueAccord's motion. Moreover, as noted *supra,* Johnson submitted no evidence to show the falsity or the misleading nature or other deceptive facet of TrueAccord's or its servicer Resurgent's communications.

The Court has nonetheless reviewed those communications and finds nothing false or misleading in those.  Moreover, as a matter of law, the Court finds no material omission in those that would rise to the level of rendering those communications false, misleading or deceptive.

Summary judgment therefore is entered, pursuant to Fed. R. Civ. P. 56(c)(3), 56(e)(2), and 56(e)(3) in favor of TrueAccord on Johnson's claim under 15 U.S.C. § 1692e for purportedly false or deceptive communications.

### H.  Johnson Failed to Show a "Debt" as Defined in 15 U.S.C. § 1692a(5)

In her Complaint, Johnson alleged that "the account at issue in this case is a consumer debt."  (Doc. No. 1 at PageID# 3 ¶ 18.)  Then in deposition, Johnson testified that the account being collected by TrueAccord was unknown to her and was *not* the same as the account Johnson once had with Credit One Bank.  (Doc. No. 11-4 at PageID# 114-15 37:2-38:9 & 39:2-11.)

TrueAccord moved for summary judgment on the ground, *inter alia*, that Johnson could not establish that the account at issue was a "debt" as defined in the FDCPA.  (Doc. No. 11-1 at PageID# 61-63.)  In response, Johnson discussed case law to support her assertion that this is a "debt" as defined by the FDCPA.  (Doc. No. 12 at Page ID# 168-70.)  But Johnson never supplied any evidence, nor did her opposition brief provide any facts to substantiate her characterization of the account or debt that TrueAccord attempted to collect.  (*See id.*)

The Court is not persuaded by the legal arguments of either TrueAccord or Johnson on the question of whether the debt in this case comes within the statutory definition at 15 U.S.C. §

1692a(5).  (*Compare* Doc. No. 11-1 at PageID# 61-63 *with* Doc. No. 12 at PageID# 168-70.)

The Court concludes that Johnson has not carried her burden to satisfy the second element for a

FDCPA claim, *i.e.*, that the debt at issue here is covered by 15 U.S.C. § 1692a(5).  But the Court

reaches that conclusion by a different route than what is mapped out by the parties.

We begin with text of the FDCPA, which covers only the collection of a "debt" as so

defined:

> The term "debt" means any obligation or alleged obligation of a consumer to pay
> money arising out of a transaction in which the money, property, insurance, or services
> which are the subject of the transaction are primarily for personal, family, or household
> purposes, whether or not such obligation has been reduced to judgment.

15 U.S.C. § 1692a(5).

TrueAccord urges that because Johnson denied knowledge of the debt described in the

collection communications, she is therefore unable to show that such debt falls within that

statutory definition.  (Doc. No. 11-1 at PageID 61-63.)  After all, if a plaintiff claims that the

debt is not hers, then she has no basis to assert whether that debt was familial or household.  (*See

id.*)  TrueAccord cites cases from other districts to construct that argument.  (*See id.*)  Johnson

responds with an appeal to fairness and common sense: if a deceptive collection notice comes to

a person asserting that she owes a debt which the person neither recognizes nor owes, how is she

supposed to show whether that debt arose from personal expenses of someone else?  (*See* Doc.

12 at PageID# 168-70.)

A plaintiff under the FDCPA may plead – including on information and belief if she does

not have complete documentation – as to the nature of the debt reflected in the collection

communications.  Here, Johnson *did* plead that TrueAccord attempted to collect "a consumer

type debt."  (Doc. No. 1 at ¶¶ 5 & 18.)

In discovery, an FDCPA plaintiff can request that the defendant produce information,

admissions, testimony, or documents about the nature of the debt which the collector-defendant had attempted to pursue.  Thus, even if an FDCPA plaintiff truly is not liable for the debt in question, she still may prove whether such debt falls within the statutory definition in 15 U.S.C. § 1692a(5).[2]

In other words, it is *not* impossible for a FDCPA plaintiff who was the victim of mistaken or stolen identity to meet the second element for her cause of action.

As for the situation here:  Johnson previously had a Credit One Bank credit card, which she testified she had paid off.  TrueAccord tried to collect a Credit One Bank account, but Johnson said in discovery that her account was paid, so she presumed this collection was erroneous.  Then she hinted in her opposition brief – but never squarely asserted – that perhaps there could have been mistaken identity or identity theft.  (*See* Doc. No. 12 at PageID# 169-70.)

Even if this Court allowed Johnson to argue that new theory, she failed to marshal evidence to substantiate it and thereby withstand summary judgment.  There is no evidence in the record *showing* any mistaken or stolen identity.  There is no evidence in the record *showing* that the balance TrueAccord attempted to collect belonged to someone other than Johnson.

Johnson made no showing at all.  She submitted no evidence to substantiate her allegation that this case involves a debt that comes within 15 U.S.C. § 1692a(5) of the FDCPA. This is an additional and alternative reason why summary judgment is entered in favor of TrueAccord and against Johnson.

---

[2] In the event that a collector-defendant files a summary judgment motion early in an FDCPA case, such a plaintiff is not without recourse.  "A nonmovant who seeks to avoid summary judgment because he needs further discovery must file an affidavit pursuant to Federal Rule of Civil Procedure 56(d) stating what discovery he requires and how that discovery might enable his claims to survive summary judgment."  *Alexander v. Harrison*, No. 21-1828, 2022 WL 13983651, at *7 (6th Cir. Oct. 24, 2022).

## I.  Johnson's Opposition Brief Improperly Attempted to Change Her Claim

The Complaint alleged: "After receiving Plaintiff's request for validation, Defendant did not validate the alleged Debt . . . ."  (Doc. No. 1 at ¶ 11.)  The Complaint further alleged: "After receiving Plaintiff's two requests for validation, Defendant failed or refused to validate the Debt . . . ."  (*Id.* at ¶ 14.)  Johnson alleged that TrueAccord violated the FDCPA by "continuing to collect the alleged Debt without validating the alleged Debt."  (*Id.* at ¶ 20.)

The Complaint was clear that the alleged wrongdoing here was that TrueAccord did not verify the debt.  There was no allegation in the Complaint that TrueAccord *did* send a validation or verification, nor was there an allegation of any problem, falsehood, or deficiency in the *content of* a validation or verification communication from TrueAccord.

In her opposition brief, Johnson tries to change theories and recast her claims.

### 1.  Johnson Admits in Her Opposition Brief that TrueAccord *Did* Send a Validation Communication

Johnson's opposition brief makes a crucial admission, which disproves what she alleged in her Complaint.  Johnson admits that:

> *Defendant responded to the request for verification in its letter providing a Credit One Bank Credit Card Statement* with the account number, balance due, and Plaintiff's name and address and an Account Summary Report which stated the Plaintiff's name and address, the current account information (current creditor, original creditor, last four digits of the account number and balance due. (Defendant's Exhibits 1-A and 1-B, Doc #11-2, Page ID 76-77; Page ID 80-81.)

(Doc. No. 12 at PageID# 173 (emphasis added).)

"In deciding motions for summary judgment, representations of counsel in a brief are generally treated as admissions."  *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Arioli*, 941 F.Supp. 646, 655 (E.D. Mich. 1996) (collecting authorities).  The excerpt above is an admission because Johnson's opposition brief makes a deliberate, clear, and unambiguous assertion that

TrueAccord *did* respond to the validation requests. *See United States v. Burns*, 109 F. App'x 52, 58 (6th Cir. 2004). Moreover, Johnson admits that the response included the documents found at Exhibits 1-A and 1-B to the Declaration of Lacey Pearce. (*Compare* Doc. No. 12 at PageID# 173 *with* Doc. No. 11-2 at PageID# 76-77 & 80-81.) Finally, Johnson admitted in deposition that she did, indeed, receive this verification communication. (*See* Doc. No. 11-1 at PageID# 59; Doc. No. 11-4 at PageID# 118 52:16-53:23 & PageID# 162-64.)

Johnson's FDCPA claim was predicated on the contention that TrueAccord failed or refused to send a validation or verification of the debt it attempted to collect. (Doc. No. 1 at ¶¶ 11, 14, 20.) She now admits that TrueAccord *did* send a response to the requests for validation. (*See* Doc. No. 12 at PageID# 173.) This admission supplies an additional and alternative basis for the Court to grant summary judgment in favor of TrueAccord.

### 2. Johnson Raises a New Theory Attacking the Content or Adequacy of TrueAccord's Response

Now admitting that TrueAccord did not ignore her requests for validation, Johnson tries to move the goalposts. Her opposition brief argues that TrueAccord "did not *properly* validate the alleged Debt." (Doc. No. 12 at PageID# 166 (emphasis added).) She argued that "Defendant violated § 1692g(b) of the FDCPA by failing to *properly* verify the alleged debt . . . ." (*Id.* at PageID# 171 (emphasis added).) Johnson pivots to an argument that "information Defendant provided was insufficient to enable Plaintiff to dispute the alleged debt under *Haddad*." (Doc. No 12 at PageID # 173.) *See Haddad v. Alexander, Zelmanski, Danner & Fioritto, PLLC*, 758 F.3d 777, 784-85 (6th Cir. 2014) (holding that "the 'baseline' for verification is to enable the consumer to 'sufficiently dispute the payment obligation.'").

This is not a slight shift in the Section 1692g claim, but a substantial one. Johnson pled that her disputes were ignored; now she admits they were not. Johnson pled that her requests for

24

validation were ignored; now she admits they were not.  In the opposition brief, Johnson tries to morph this case from a dispute about *the failure to send* a document into a dispute about *the content* of what *was sent*.

However, a "plaintiff may not expand [her] claims to assert new theories for the first time in response to a summary judgment motion."  *Desparois v. Perrysburg Exempted Vill. Sch. Dist.*, 455 F. App'x 659, 666 (6th Cir. 2012) (citing *Bridgeport Music, Inc. v. WM Music Corp.*, 508 F.3d 394, 400 (6th Cir. 2007)).  Johnson did not seek leave to file an amended complaint.

Even if the Court were to indulge new theories unpled in the Complaint, the same problem would inhere: Johnson submitted *no evidence* to substantiate a new theory regarding the sufficiency (or not) of TrueAccord's verification communications.

### 3.  Johnson Raises a New Theory of Deceptive Communication

In the Complaint, the only communications that Johnson referred to were communications attempting to collect the debt.  (Doc. No. 1 at ¶¶ 7-9, 12-13.)  Johnson pled that TrueAccord's alleged "deceptive practices" were its attempts to collect debt without having validated the debt.  (*Id.* at ¶ 20(a).)  Never did Johnson allege that a *non*-collection communication was deceptive.

Yet in her opposition brief, Johnson attempts to argue that the deceptive communications in this case were the debt validation "letter and attachments," (Doc. No. 12 at PageID# 175), which Johnson identified as Defendant's Exhibits 1-A and 1-B, (*see id.* at PageID# 173).  There is no hint in the Complaint that *validation* communications were sent by TrueAccord – much less any suggestion that those were misleading or deceptive.  Rather, the Complaint alleged only that TrueAccord's *collection* communications were deceptive.  (Doc. No. 1 at ¶¶ 7-9, 12-13, 20(a).)

Here, again, a "plaintiff may not expand [her] claims to assert new theories for the first

time in response to a summary judgment motion." *Desparois*, 455 F. App'x at 666.

In sum, Johnson's arguments in opposition to summary judgment attempt to interject new theories, which are tantamount to different claims.  That is not permissible.  But that is also futile, inasmuch as Johnson chose to submit no evidence in support of any claim or theory – pled or unpled.

### III. <u>Conclusion</u>

For the reasons above, TrueAccord's motion for summary judgment is GRANTED. (Doc. No. 11.)


**IT IS SO ORDERED.**

_____
BRIDGET MEEHAN BRENNAN
Date: November 14, 2022                          UNITED STATES DISTRICT JUDGE